IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Rodger B. Kylander, | ) | |
| | ) | Civil Action No. 4:12-3065-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of | ) | |
| Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Rodger B. Kylander ("Kylander"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his claim for Social Security disability insurance benefits ("DIB") and supplemental security income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), DSC, this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 18.)[2] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference. Kylander has filed objections to the Report (ECF No. 28) and the Commissioner has responded to those objections (ECF No. 31).

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2012. Pursuant to Fed. R. Civ. P. 25(d), Colvin should be substituted for Michael J. Astrue.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Accordingly, this matter is now ripe for review.

## I.  Background

Kylander filed applications for DIB and SSI on June 1, 2009, alleging disability beginning February 20, 2009, due to persistent and increasing pain from a back injury Kylander sustained as a teenager, in addition to other alleged impairments.  Kylander's applications were denied initially and on reconsideration.  On March 9, 2011, an Administrative Law Judge ("ALJ") heard testimony from Kylander, his daughter, and a vocational expert.  Subsequently, the ALJ issued a decision denying Kylander's claims.

The ALJ found that Kylander suffered from severe impairments, including lumbar degenerative disc disease, multi-level nodes, degenerative changes of the hips, slight thoracic wedging, and left shoulder pain, but that medical evidence did not support the alleged severity. As a result, the ALJ limited Kylander to medium work, with certain restrictions, and found that he could return to his past relevant work as a ship fitter.[3]  The Appeals Council denied Kylander's request for review, making the ALJ's decision the final decision of the Commissioner.  Kylander again challenges that decision in this action.

## II.  Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the Social Security Act ("SSA" or the "Act").  Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir.

---

[3] The ALJ also found that, in addition to his past relevant work, there are other jobs in the national economy Kylander is capable of performing.

1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Discussion

In his objections, Kylander argues that the magistrate judge: (1) erred in finding that the ALJ's step two severe impairment analysis was proper; (2) erred in affirming the ALJ's step three combined effect analysis; and (3) failed to consider the whole record in concluding that the ALJ's step four findings were supported by substantial evidence.[4]

#### 1. Step Two Analysis

Kylander first contends that the ALJ erred at step two of the sequential analysis by failing to find his learning disability a severe impairment. In addition, Kylander objects to the Report's analysis of this issue, contending that the magistrate judge impermissibly found that Kylander

---

[4] Kylander also objects to certain findings of fact. (ECF No. 28 at 1). However, this objection fails to point to any instance of the magistrate judge basing his decision on "a more detailed or expansive reading of the facts than" the ALJ. *See id.* Thus, the court finds this objection general, conclusory, and not conducive to judicial response. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

does not have a learning disability, rather than making a finding regarding the ALJ's analysis.

The court agrees that the ALJ's analysis of Kylander's alleged learning disability could be more explicit.[5]  However, the court also agrees with the magistrate judge that the ALJ's omission was harmless error. Just as it is the claimant's burden to prove that he suffers from a medically-severe impairment, *Bowen v. Yuckert*, 482 U.S. 137, 145 n.5 (1987), it is his burden to show that the ALJ's error was not harmless, *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).  A harmless error is one where the ALJ would have reached the same result, notwithstanding the error.  *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994).

Kylander contends that the ALJ's oversight was not harmless because his learning disabilities "played a large part in his inability to return to work, and the findings at this step tainted the remaining sequential evaluation."  (ECF No. 28 at 2).  The court is not persuaded by either of these arguments.  First, according to the evidence in the record, Kylander had his alleged learning disability throughout his working life.  He has not alleged a change in that disability or increase in severity that would affect his ability to work.  This is especially significant because the ALJ found that Kylander could return to his past work, which he performed successfully for at least three and a half years, despite his alleged learning disability. Furthermore, a finding of a single severe impairment at step two of the sequential evaluation is enough to ensure that the ALJ will proceed to step three, as she did here.  *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error here became harmless when the ALJ

---

[5] Despite Kylander's initial allegation of a learning disability and references to it throughout the record, the ALJ's decision does not explicitly mention a learning disability.  The ALJ did, however, include Kylander's self-reported symptoms of his learning disability, the only actual evidence of the disability in the record, in her RFC analysis, asked Kylander several questions about his ability to read and write at the hearing, heard testimony from Kylander's daughter about his difficulties with reading and writing, and included the following in her hypothetical to the vocational expert: he has completed the tenth grade in special education, has not received a GED, can read sight words, can write his own name, and can add but not subtract.  (*See* Tr. at 17, 32, 39, 40-41, 44).

4

reached the proper conclusion that [the claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."). Here, even without conducting a full analysis of Kylander's alleged learning disability, the ALJ found other severe impairments and moved on to step three. Kylander has failed to show any prejudice from the ALJ's failure to address his learning disability and, thus, the court finds that the ALJ's error was harmless.

### 2.     Step Three Analysis

Next, Kylander contends that the magistrate judge erred in finding the ALJ adequately addressed Kylander's impairments in combination. Specifically, Kylander objects to the magistrate judge relying on the ALJ's RFC finding and decision as a whole in analyzing step three. Kylander asserts that "his combination of impairments was of listing level severity [so] . . . the need to assess his RFC would not have arisen but for the ALJ's failure" to conduct a sufficient step three analysis.[6] (ECF No. 28 at 3).

Despite Kylander's assertions, the law in this district is clear that when determining whether the ALJ properly considered the combined effect of impairments, the court must read the ALJ's decision as a whole. *See Brown v. Astrue*, C/A No. 0:10-cv-1584-RBH, 2012 WL 3716792, *6 (D.S.C. Aug. 28, 2012) ("Accordingly, the adequacy requirement of *Walker* is met if it is clear from the decision as a whole that the Commissioner considered the combined effect of a claimant's impairments.") (citing *Green v. Chater*, 64 F.3d 657 (4th Cir. 1995)). In addition, "an ALJ need not explicitly state that he or she has considered a claimant's impairments in combination. What matters is whether it is discernible from the ALJ's decision

---

[6] Kylander fails to support this conclusory assertion with any evidence from the record, nor does he state exactly what listing he meets or why.

that he or she did so." *Jones v. Astrue*, C/A No. 7:10-cv-0313, 2011 WL 1877677, *12 (W.D. Va. May 17, 2011). Here, the court agrees with the magistrate judge and finds the ALJ's overall discussion and analysis to be sufficient to demonstrate that he considered Kylander's impairments in combination. *See Thonsberry v. Astrue*, C/A No. 4:08-4075-HMH-TER, 2010 WL 146483, *5 (D.S.C. Jan. 12, 2010) (unpublished) (holding that "while the ALJ could have been more explicit in stating that his discussion dealt with the combination of [claimant's] impairments, his overall findings adequately evaluate the combined effect of [claimant's] impairments"); *Brown v. Astrue*, C/A No. 1:11-3245-JMC-SVH, 2013 WL 642189, *9 (D.S.C. Jan. 31, 2013) (recognizing that "[r]ecently, courts in this District have been refining their interpretation of *Walker*").

### 3.    Step Four Analysis

Kylander also asserts that the ALJ erred in her assessment of his credibility. Specifically, Kylander contends that the ALJ engaged in "the worst kind of record-mining" by relying on only the portions of the record that support her decision and that her decision, therefore, is not supported by substantial evidence. (ECF No. 28 at 4). Kylander's objection goes on to do a little record-mining of its own, citing the portions that would support his assertion of disability.[7]

The court acknowledges that the record presents conflicting evidence regarding the severity of Kylander's symptoms. However, resolving those conflicts was a job for the ALJ, not this court. *See Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (stating that the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or

---

[7] Notably, Kylander specifically addresses only Dr. Freedy's report and does not point to any other supportive medical evidence for the court to consider.

substitute [its] judgment for that of" the agency) (citation omitted).  The court finds that the ALJ's decision regarding Kylander's credibility and the resulting RFC finding are supported by substantial evidence.

### IV.  Conclusion

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Kylander's impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Kylander's arguments and properly addressed each in turn, finding them without merit. Having conducted the required de novo review of the issues to which Kylander has objected, the court finds no basis for disturbing the Report.  Accordingly, the court adopts the Report and its recommended disposition.  Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 5, 2014